UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-21192-CIV-GARBER

ST. PAUL MERCURY INSURANCE
COMPANY,

    Plaintiff/Counter-Defendant,

v.

FEDERAL DEPOSIT INSURANCE
CORPORATION, as Receiver for
Hamilton Bank, N.A.,

    Defendant/Counter-Plaintiff.
_____/

ST. PAUL MERCURY INSURANCE
COMPANY,

    Third party Plaintiff,

v.

RONALD LACAYO

    Third Party Defendant.
_____/

## ORDER

    THIS CAUSE is before the Court upon (1) defendant/counter-plaintiff Federal Deposit Insurance Corporation's ("FDIC") Renewed Motion for Entry of Final Judgment Pursuant to Rule 54(b) [DE 206] as related to the Russian Swaps transaction; and (2) plaintiff/counter-defendant St. Paul Mercury Insurance Company's ("St. Paul") Motion to Certify Interlocutory Appeal Under 28 U.S.C. § 1292(b) [DE 211] as related to the Golden Vision transaction. The Court hereby GRANTS

the FDIC's motion and DENIES St. Paul's motion.

I. **Background**

On March 30, 2010, the Court granted St. Paul's motion for partial summary judgment as related to the transaction identified in the pleadings as the "Russian Swaps." (DE 159.) The FDIC then filed a Motion for Entry of Final Judgment pursuant to Federal Rule of Civil Procedure 54(b) as related to the Russian Swaps transaction on April 30, 2010. (DE 163.) At that time, still pending was St. Paul's Motion for Summary Judgment regarding the Golden Vision Loan. (DE 166.) Through its January 19, 2011 omnibus order, the Court denied the FDIC's motion as premature because of St. Paul's pending motion. (DE 199.) The Court explained that if summary judgment was entered in favor of St. Paul, separate appeals would duplicate efforts of the Eleventh Circuit unnecessarily. However, the Court indicated that if it found against St. Paul, the FDIC could renew its motion. In this way, the FDIC might be able to avoid possible subjection to unjust delay of appeal through a lengthy pretrial and trial period. The Court recognized potential issues relating to the fading memories of the witnesses in this case, which involves transactions occurring over twelve years ago.

On March 29, 2011, the Court denied St. Paul's motion regarding the Golden Vision loan. (DE 205.) Accordingly, the FDIC renewed its Motion for Entry of Final Judgment regarding the Russian Swaps transaction. (DE 206.) That renewed motion gave rise to St. Paul's motion to certify an interlocutory appeal regarding the Golden Vision loan. (DE 211.)

II. **FDIC's Renewed Motion for Entry of Final Judgment on Russian Swaps Claim Pursuant to Rule 54(b)**

Federal Rule of Civil Procedure 54(b) provides that "[w]hen an action presents more than

one claim for relief. . ., the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. . . ." Courts follow a two-step analysis to determine whether a partial final judgment may be certified under Rule 54(b).  First, the order must be both "final" in that it ultimately disposes of an individually severable claim in a multiple claim action, and a "judgment" in that it is a "decision upon a cognizable claim for relief." *Curtiss-Wright Corp. v. Gen. Elec. Corp.*, 446 U.S. 1, 7 (1980) (citing *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)). Second, as the rule expressly states, there must be no just reason for delay.  *Id.*

      **A.**     **The Russian Swaps Transaction and the Golden Vision Transaction Are Separate and Distinct Claims.**

The issues that are at the heart of the two claims would not be before the reviewing court more than once.  Any facts that are common to both the Golden Vision and Russian Swaps transactions would be de minimus and thus granting the FDIC's motion would not appear to lead to any unnecessary appellate review.  The Court's granting of summary judgment regarding the Russian Swaps Transactions hinged on whether Eduardo Masferrer, Hamilton Bank's Chairman, Chief Executive Officer, and single largest shareholder, received a financial benefit from the transaction involving his children's trusts and the Russian Swaps.  This essentially presents the question of whether a valid *inter vivos* transfer of Hamilton bank shares was made pursuant to Florida gift law. On the other hand, whether the FDIC can recover for losses incurred as a result of the Golden Vision loan depends on an entirely different set of facts and circumstances.

These two claims are also separate because they allow for distinct recovery under the bond. Each individual loss resulting from certain dishonest and fraudulent acts is independently

recoverable under the bond, subject to certain limitations. (DE 1 Ex. A.) Further, the claims are "practically and logically distinct." *See Pitney Bowes, Inc. v. Mestre*, 701 F.2d 1365, 1369 (11th Cir. 1983). While they certainly relate to recovery under the same bond, there is little overlap in the legal principles involved. Contrary to St. Paul's assertions that both claims involve interpretations of the bond's provisions, the parties are in agreement about the meaning of the operative language of the "financial benefit" provision. Rather, the parties disagree as to whether the FDIC has presented sufficient evidence that Mr. Masferrer received the requisite financial benefit to allow coverage under the bond.

St. Paul further asserts that the claims are interrelated because, if the FDIC is successful in the Eleventh Circuit, discovery for St. Paul's defenses to coverage under the bond regarding the Golden Vision transaction will overlap with that of the Russian Swaps transaction. However, the two events are separable. The claims result from transactions made in different years and by different officers of the company. On further appeal after the final disposition of the Golden Vision claim by this Court, the Eleventh Circuit would not be called on to review the same facts or legal principles. The two potential judgments would be separately enforceable because their remedies of coverage under the bond will not exclude each other by individually exceeding the bond's aggregate coverage limit per bond period.

      **B.**      <u>**The Court Finds No Just Reason to Delay Entry of Final Judgment on the Russian Swaps Claim.**</u>

Although the court finds that the claims are separable, it still must be shown that there is no just reason to delay entry of final judgment on the Russian Swaps claim. "In deciding whether there are no just reasons to delay the appeal of individual final judgments in a setting such as this, [courts]

must take into account judicial administrative interests as well as the equities involved." *Curtiss Wright Corp.*, 446 U.S. at 8. Rule 54(b) weighs both the longstanding undesirability of piecemeal litigation with the desirability of affording parties appeals when they are best served. *Corrosioneering v. Thyssen Envtl. Sys.*, 807 F.2d 1279, 1282 (6th Cir. 1986). This balance is at the discretion of the Court. *Id.* Still, as St. Paul correctly urges, this discretion is to be exercised conservatively given the caseloads of the Courts of Appeals. *See e.g. In re S.E. Banking Corp.*, 69 F.3d at 1550.

As this Court has previously suggested, further delay could subject the FDIC to such issues as the fading memories of the witnesses involved in this case. (DE 199 at 3.) The claims in this case relate to transactions occurring over a decade ago. The witnesses to the events have forgotten many details of the events as already evidenced by the testimony in their 2009 depositions. (DE 206-1 Ex. A-C.) The Golden Vision claim is set for trial several months away and may take even longer to be resolved. Longer delays to any potential discovery as related to the Russian Swaps claim are unnecessary.[1] Further, if the Eleventh Circuit resolves this claim in finality for the FDIC, settlement by the parties as to the Golden Vision claim may be encouraged.

Because this Court finds that the Russian Swaps Claim and the Golden Vision claim involve

---

[1] On the other hand, after the amount of time that has passed, the Eleventh Circuit could find that another several months may have negligible additional impact on the memories of the witnesses. The FDIC may not be subject to any more unfairness by waiting until the resolution of the Golden Vision claim. Further, pre-judgment interest has been accruing on any recovery, so the FDIC will suffer no financial loss in that sense either. The Eleventh Circuit accepts Rule 54(b) claims in rare instances where there are pressing needs. The fading memories of the witnesses may not be considered exigent enough by the Court of Appeals. Nevertheless, because the Golden Vision trial will postpone any appeal and then any discovery as related to the Russian Swaps Claim for several more months at a minimum, this Court finds that the circumstances could unnecessarily burden the FDIC.

separate and distinct facts and legal principles, and that there is no just reason for delay, the Court hereby GRANTS the FDIC's motion and directs entry of a final judgment as to the FDIC's Russian Swaps claim.

### III.  St. Paul's Motion to Certify Interlocutory Appeal Pursuant to 28 U.S.C. §1292(b)

A party may take an immediate interlocutory appeal of a court's ruling if the court certifies a legal issue that (1) involves a controlling question of law as to which there is substantial ground for difference of opinion; and (2) if it determines that such an appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). The appeal must involve a controlling question of law, and not one of fact.  Questions of law should be pure abstract legal questions, and not applications of the law to the facts of a particular case.  *Ahrenholz v. Bd. of Trs. of the Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir. 2000).  "The legal question must be stated at a high enough level of abstraction to lift the question out of the details of the evidence or facts of a particular case and give it general relevance." *McFarlin v. Conseco Servs. LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004).

Here, St. Paul proposes to certify two questions for the Eleventh Circuit Court of Appeals:

1. Whether, as a matter of law, a bank can "discover" a loss under a Financial Institution Bond's "Dishonesty of Employees" provision, when the Bank is without knowledge of any wrongdoing by a particular employee.
2. Whether, as a matter of law, a bank can "discover" a loan-related loss under the bond provision when the Bank is without knowledge of any improper financial benefit received by the employee in connection with the loan.

(DE 211 at 4.) Neither of these questions meets the standard for certification of an interlocutory appeal.  Primarily, St. Paul does not present a controlling question of law.  Rather, St. Paul disagrees with this Court's application of a settled legal principle to the transactions at issue here.

Answering either of St. Paul's questions would require the reviewing court to delve into the language of this particular bond and how that language should be applied to the specific facts at issue here. *See McFarlin*, 381 F.3d at 1259 (finding that the "antithesis of a proper § 1292(b) appeal is one that turns on . . . whether the district court properly applied settled law to the facts or evidence of a particular case"). Because the Court finds that neither question presents a question of pure law, it need not address whether there is a substantial ground for differences of opinion nor whether an immediate appeal from the order could materially advance the termination of the litigation.

## IV.   Conclusion

This case, over the past several years, has been reduced to two distinct and separable claims. This Court has disposed of the Russian Swaps claim and is left with pending litigation relating to the Golden Vision loan transaction. The facts surrounding the events are distinct and the legal issues are severable. Further, the issues of this case revolve around transactions and events of over twelve years ago. The witnesses in this case have already experienced fading memories and their testimony is likely to become more limited as time goes on. Given that the second claim relating to the Golden Vision transaction may not be resolved for several more months or years, the Court finds it appropriate to enter final judgment regarding the Russian Swaps claim pursuant to Federal Rule of Civil Procedure 54(b). However, the Court does not find that St. Paul has grounds for interlocutory appeal as related to the Golden Vision Claim pursuant to 28 U.S.C. § 1292(b). Rather than presenting controlling questions of law on which there is substantial ground for a difference of opinion, St. Paul has disagreed with the outcome of the Court's application of a legal principle to the facts of this case.

Accordingly, and upon due consideration, it is hereby ORDERED that:

1. the FDIC's Renewed Motion for Entry of Final Judgment [DE 206] is GRANTED; and

2. St. Paul's Motion to Certify Interlocutory Appeal [DE 211] is DENIED.

The Court directs that final judgment be entered in St. Paul's favor with respect to the FDIC's Russian Swaps Claim.

DONE AND ORDERED in Chambers at Miami, Florida this 10th day of June, 2011.

_____
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE