UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-21192-CIV-GARBER

ST. PAUL MERCURY INSURANCE
COMPANY,

    Plaintiff/Counter-Defendant,

v.

FEDERAL DEPOSIT INSURANCE
CORPORATION, as Receiver for
Hamilton Bank, N.A.,

    Defendant/Counter-Plaintiff.
_____/

ST. PAUL MERCURY INSURANCE
COMPANY,

    Third party Plaintiff,

v.

RONALD LACAYO

    Third Party Defendant.
_____/

## ORDER

    THIS CAUSE is before the Court on plaintiff St. Paul Mercury Insurance Company's Motion to Voluntarily Dismiss the Amended Third Party Complaint Against Ronald Lacayo. (DE 270.) The Court has also received and considered third-party defendant Ronald Lacayo's response (DE 272) and St. Paul's reply (DE 273) thereto. St. Paul's Motion is hereby GRANTED.

1

In determining whether to allow a voluntary dismissal under Rule 41(a)(2), the Court enjoys broad discretion. *Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001). And, in most cases, a voluntary dismissal will be granted unless the defendant has shown that he will suffer clear legal prejudice. *Id.* In this case, since a dismissal with prejudice will bar future relitigation, Lacayo cannot be said to be facing any adverse effects. In fact, both parties agree that, upon a dismissal with prejudice, Lacayo could have received no better result in this litigation. (DE 270, 7; DE 272, 5.)

Lacayo has asked that the Court condition its granting of St. Paul's Motion on St. Paul's reimbursement of Lacayo's litigation costs. The Court declines to do so. Both parties agree that, upon the Court's dismissal of St. Paul's complaint against Lacayo, Lacayo will be the "prevailing party" for purposes of a motion filed under Rule 54(d)(1). Although Rule 54(d)(1) establishes a presumption that a prevailing party's statutory costs should be awarded, the Court nonetheless remains vested with discretion to decide otherwise. *See Chapman v. AI Transport*, 229 F.3d 1012, 1038 (11th Cir. 2000). Lacayo's motion for costs, if any, will be considered separately from the Court's decision to grant St. Paul's instant motion. Accordingly, it is

**ORDERED AND ADJUDGED** that St. Paul's Motion to dismiss with prejudice (DE 270) is **GRANTED**. St. Paul's third-party complaint against Ronald Lacayo is therefore **DISMISSED with prejudice**. Further, Lacayo's pending Motion for Summary Judgment (DE 260) is **DENIED as moot**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 16th day of December, 2011.

_____
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE